UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| TRAVIS B. WILLIAMS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:24-CV-23-TAV-DCP |
| LOUDON COUNTY SHERIFF'S DEPARTMENT and JIMMY DAVIS, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiff's pro se motion [Doc. 28] in which plaintiff requests "Rule 60[] relief from judgement as newly discovered evidence has ar[isen]." For the reasons below, plaintiff's motion [Doc. 28] is **DENIED**.

I. Background

On January 23, 2024, plaintiff filed a motion for leave to proceed *in forma pauperis* [Doc. 1] and a complaint against the Loudon County Sheriff's Department and Jimmy Davis [Doc. 2]. After screening the complaint, Magistrate Judge Debra C. Poplin granted plaintiff's application to proceed *in forma pauperis* [Doc. 1] but recommended that plaintiff's complaint [Doc. 2] be dismissed in its entirety for failure to state a claim upon which relief can be granted and because the action appeared frivolous [Doc. 7]. Defendant lodged an objection to Judge Poplin's report and recommendation ("R&R") [Doc. 8]. After reviewing the R&R and plaintiff's objection, the Court accepted and adopted the R&R, overruling plaintiff's objection as it merely restated allegations made in plaintiff's

complaint [Doc. 13]. Accordingly, the Court dismissed plaintiff's complaint and directed the Clerk of Court to close the case [*Id.*; Doc. 14].

Plaintiff appealed the Court's memorandum opinion and order [Doc. 13] and judgment [Doc. 14], but the Sixth Circuit affirmed the Court's judgment [*See* Docs. 15, 24, 25].[1] Now, plaintiff moves the Court to "reopen [the] case" [Doc. 28, p. 4].

**II.     Analysis**

Federal Rule of Civil Procedure 60(b) allows for relief from a final judgment, order, or proceeding for any of the following reasons:

(1)   mistake, inadvertence, surprise, or excusable neglect;

(2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)   fraud . . . , misrepresentation, or misconduct by an opposing party;

(4)   the judgment is void;

(5)   the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)   any other reason that justifies relief.

Fed. R. Civ. P. 60(b). As a general matter, "relief under [this rule] is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

---

[1] Plaintiff filed two additional notices of appeal [Docs. 16, 19] which were dismissed by the Sixth Circuit as duplicative [Docs. 20, 22].

Thus, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citations omitted).

Here, plaintiff appears to be moving under Rule 60(b)(2) as he states newly discovered evidence has arisen in his case [Doc. 28, p. 1]. First, plaintiff states he was sitting "doing nothing" when he was suddenly "flipped upside down[,]" breaking his fibula and tibia [*Id.*]. Plaintiff contends that the break in his tibia had a "spiral impression indicating internal abuse and digital cybertools being used" [*Id.*]. Next, plaintiff asserts that former "President Biden . . . commented [that] the clergy/state group wanted to use cybertools on [plaintiff] for leverage[,]" and that plaintiff "needed to be deradicalized and immobilized ASAP" [*Id.*]. Plaintiff also states that an exam he received revealed "dangerously low potassium and sodium again which indicate[s] torture" [*Id.*]. Lastly, plaintiff claims there are "new witnesses[,]" though plaintiff does not specify who they are [*Id.*]. Plaintiff states that he seeks relief because of "imminent danger, fear of bodily harm[,] newly discovered evidence, [and] no rights" [*Id.* at 3]. Though not appearing to be categorized as "newly discovered evidence," plaintiff also states that his "family is oppressing [him] again and depriving [him] of transportation [*Id.* at 4]. Additionally, plaintiff states that there are "still tortious acts in the church with Jeff Harris" [*Id.*].[2]

---

[2] As mentioned by plaintiff, he filed a complaint pursuant to 42 U.S.C. § 1985 against the Loudon County Sheriff's Office, Jeff Harris, Jimmy Davis, and Tim Culner [*See* Case No. 3:25-mc-10].

3

Under Rule 60(b)(2), the movant "needs to show by clear and convincing evidence (1) that it exercised due diligence to obtain the evidence and (2) that the evidence is material, *i.e.*, would have clearly resulted in a different outcome." *Luna v. Bell*, 887 F.3d 290, 294 (6th Cir. 2018) (citations omitted). The evidence "cannot be merely impeaching or cumulative." *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998) (citations omitted). Furthermore, "newly discovered evidence" under Rule 60(b)(2) "must relate to evidence that existed at the time final judgment was entered." *Gong v. Cleveland Clinic Found., Inc.*, No. 1:16CV2624, 2018 WL 807046, at *2 (N.D. Ohio Feb. 9, 2018), *aff'd sub nom. Yusong Gong v. Cleveland Clinic Found.*, No. 18-3175, 2018 WL 5734584 (6th Cir. Oct. 12, 2018) (citing *Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 136 (6th Cir. 1990)); *accord Satyam Comput. Servs., Ltd. v. Venture Glob. Eng'g, LLC*, 323 F. App'x 421, 427–28 (6th Cir. 2009); *McFall v. Patton*, 238 F.3d 422, 2000 WL 1721043, at *2 (6th Cir. 2000) (unpublished table decision) ("The alleged evidence was evidence that came into existence after judgment was entered and this does not qualify as 'newly discovered evidence' under Rule 60(b)(2).").

Plaintiff does not provide for when his newly discovered evidence came into existence, but presumably, given plaintiff seeks relief because "newly discovered evidence has ar[isen][,]" all of this "evidence" came into existence after the Court's judgment on July 10, 2024 [Doc. 28, p. 1; *see* Doc. 14].[3] And therefore, the evidence offered by plaintiff

---

[3] The Court notes that plaintiff's "newly discovered evidence" of statements made by former President Biden could have existed at the time the final judgment was entered given plaintiff does not use the qualifier "former" to describe Biden's presidential status in his motion [*See* Doc. 28, p. 1]. Even so, plaintiff has not shown by clear and convincing evidence that he

4

does not qualify as "newly discovered evidence" under Rule 60(b)(2). *See Satyam Comput. Servs., Ltd.*, 323 F. App'x at 427–28. Even if the evidence qualified as "newly discovered evidence," plaintiff has not shown by clear and convincing evidence that he exercised due diligence in obtaining the evidence or that the evidence is material, rather than merely cumulative [*See* Doc. 2, pp. 4–5, 7, 11 (claiming affliction of state-sponsored in-bodied cyberterrorism set up by his family and citing to his "potassium and sodium being reversed twice" as evidence of such affliction)]. Therefore, plaintiff has not established by clear and convincing evidence that he is entitled to relief from judgment under Rule 60(b)(2) based on newly discovered evidence.

### III. Conclusion

For all the reasons discussed above, plaintiff's motion [Doc. 28] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE

---

exercised due diligence in obtaining the evidence, and therefore, plaintiff fails to satisfy the first prong of the Rule 60(b)(2) test for this piece of offered evidence.

5

Case 3:24-cv-00023-TAV-DCP    Document 29    Filed 04/14/25    Page 5 of 5    PageID #: 160